PEDRO ROMERO V. THE STATE.

No. 10806.   Delivered April 13, 1927.

Rehearing granted May 18, 1927.

**1.—Manslaughter—Selection of Jury—No Error Shown.**

Where appellant complains of having to exhaust a peremptory challenge on a juror, and it appears that in the selection of the jury all of his peremptory challenges were not exhausted, and no objectionable juror served on the jury, no error, hurtful to appellant, is shown.

**2.—Same—Evidence—Hearsay—Properly Excluded.**

Where, on a trial for murder, appellant complains of the rejection of the testimony of a witness as to a statement made by a third party, such statement being hearsay, and not res gestae, was properly excluded.

**3.—Same—Continuance—Properly Refused.**

Where appellant complains of the refusal of the court to grant his first application for a continuance, and it does not appear that sufficient diligence to secure the attendance of the absent witness was used, no error is shown, but see opinion on rehearing.

**4.—Same—Charge of Court—No Error Shown.**

Where it appears that the trial court amended his charge to meet the objections presented to same by appellant, and that requested charges presented and refused were fully covered by the main charge, no error is shown.

ON REHEARING.

**5.—Same—Continuance—Improperly Refused.**

Upon more mature consideration we have concluded that we were in error in upholding the action of the lower court in refusing to postpone or continue this case.   The absent witness appeared on the hearing of the motion for a new trial, and testified to facts vitally material to the defense. The reasons given by the sheriff for the failure to summon this witness, for whom process had issued, cannot be chargeable to appellant, and the rehearing is granted and the judgment reversed and remanded.

Appeal from the District Court of Falls County.   Tried below before the Hon. E. M. Dodson, Judge.

Appeal from a conviction of manslaughter, penalty two years in the penitentiary.

The opinion states the case.

*Nat Llewellyn* of Marlin, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—Appellant was tried for murder and convicted of manslaughter, and his punishment assessed at two years in the penitentiary.

The killing grew out of a difficulty which occurred at a negro supper.   The record discloses that the appellant and the deceased had a fight on the gallery where a dance and supper were in progress; that the appellant left the gallery and went into the yard and from there to his automobile and, as he started to get into it, another fight took place between the deceased and the appellant in which the deceased received the knife wounds that resulted in his death.   It was further shown by the appellant that as he was getting into his car the deceased and several other negroes jerked appellant back from the car and assaulted him.

Appellant's defense was self-defense.

Appellant, in his bill of exception No. 1, complains that when jurors were being selected J. D. Baxter, a juror, was called and testified on his voir dire that he was prejudiced against Mexicans and did not like them, whereupon the appellant challenged said juror for cause, and the court overruled said challenge and forced appellant to use one of his peremptory challenges.   Appellant objected because the juror was prejudiced against him and his race.   The court qualifies the bill by stating that from an examination of the juror as a whole the court found there was no such prejudice in the juror's mind as would influence him in the trial of the case notwithstanding the fact that he did not like Mexicans, and it is also shown in the court's qualification that the appellant did not exhaust all of his peremptory challenges, and he was not compelled to take anyone on the jury who was objectionable.   In the light of the court's qualification, which was not excepted to, we conclude that the complaint raised in this bill of exception is without merit.

Appellant, in his bill of exception No. 2, complains of the court's refusal to allow him to ask the witness Silas Stovall a particular question as appears from the following.   Silas Stovall, constable of precinct No. 7, had testified that he arrested Bruno Hernandez, a Mexican, who had been tried as an accomplice and acquitted, and who, as shown by his own testimony and the testimony of other witnesses, had participated in the fight.   The constable testified that he arrested Hernandez as the Mexican was coming from the scene of the difficulty and that Hernandez had a hat in his hand.   Appellant, on cross-examination of Stovall, asked the witness whose hat it was, and it is shown that the witness would have testified that Hernandez told him, at

the time witness arrested Hernandez, that it was Pedro Romero's (the appellant's) hat, and that Hernandez picked it up at the scene of the difficulty after the appellant had run away, and was carrying it to Pedro Romero, the appellant. The appellant offered this testimony to show that he was running from his assailants and left the scene of the difficulty so hastily he was forced to leave his hat in their possession. The court sustained the state's objection to said testimony on the ground that it was hearsay, to which action of the court the appellant excepted, contending it was res gestae of the act and was stating a fact so intermingled with the act that it was competent testimony. The court's qualification to this bill certifies that the difficulty occurred about midnight and that the witness Stovall testified it was about four o'clock in the morning when he arrested Hernandez and that the court did not believe it could be a part of the res gestae under these circumstances. In view of the court's qualification, which was not excepted to, we think the matters complained of in this bill present no error.

Bill of exception No. 3 complains of the action of the trial court in refusing to postpone the case until the attendance of the witness Clarence Boyd could be secured, a mistake having been made and the wrong Boyd having been subpoenaed. The bill of exception states that there were two Clarence Boyds living near Rosebud in Falls County and the one who was summoned and attended the trial was not the Clarence Boyd who was present at the time the difficulty occurred. The qualification to this bill by the learned trial judge shows the appellant was indicted on the 28th of August, 1926, and on the 7th of September, 1926, the case was set for trial for the 4th of October, 1926, and on the 4th of October the companion case against Bruno Hernandez was tried and the instant case was postponed until the 15th of November, 1926, when it was called for trial and some of the witnesses for the state and some for the appellant were absent, and the case was again re-set for December 9th, 1926, and an attachment issued for Bruno Hernandez, a witness for the appellant. The case was again postponed until the 20th of December, 1926, at which date it went to trial. The court further certifies that if it had been known to the sheriff or the court where the witness lived that the proper Clarence Boyd would have been summoned and would have been in attendance in court, or if the appellant or his counsel had talked with the witness that that fact would have been ascertained. The court further certifies that he did not believe appellant had shown due diligence in finding out which Clarence Boyd was

wanted and for that reason did not feel justified in postponing the case until his attendance could be secured. There is no exception to the court's qualification. In the light of the court's qualification, this bill presents no error.

Bills of exception Nos. 5, 7 and 8 complain of the action of the court in failing to sustain appellant's exceptions to the court's charge and in refusing to give appellant's two special charges. An examination of the court's charge discloses that the learned trial judge corrected his main charge by charging the jury that an assault and battery by the deceased upon the appellant, causing pain and bloodshed would be deemed adequate cause sufficient to reduce the homicide from murder to manslaughter. The two special charges requested by the appellant and refused by the court were covered by Section 12 of the court's main charge wherein the court instructed the jury as to the law of self-defense. We think this charge fully and ably protected the rights of the appellant.

The facts being sufficient to support the verdict of the jury and there appearing no errors in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Upon more mature consideration we have concluded that we were in error in upholding the action of the lower court in refusing to postpone or continue this case. As far as the record reveals, appellant was called upon only on one occasion after the return of the indictment to make announcement of ready for trial, and that was the time the case was tried. Prior to the call of the case appellant had filed an application for subpoena to issue to his home county for one Clarence Boyd, stating in the application that said Boyd was a farmer residing at Rosebud, Falls County. From facts connected with the development of the proceeding, it appears that the subpoena was served on Clarence Boyd, a barber living in Rosebud, Falls County. Rosebud is located in the western part of Falls County at quite a distance from the county seat, and when the case was called for trial the witness Clarence Boyd did not appear, and an application for postponement was made because of his absence. It appears to be certified as a fact in bill of exceptions No. 3 as follows: "The court stated to the

defendant to go on to trial and that he would see that the witness was in attendance, if not, he, the defendant, could then make a motion for postponement of the case." It appears that a jury was selected on the day the case was set, and that on the following day a witness testified that he knew Clarence Boyd, who was desired by appellant as a witness, and that said Clarence Boyd had not been summoned. He further testified that there was another Clarence Boyd who lived in Rosebud, but was not the Clarence Boyd who was present and saw this difficulty. It appears that upon receiving this information appellant again made a motion for a continuance or postponement until the other Clarence Boyd could be had. The court stated to the defendant that he would try to get the witness and they could use him when he came. Subpoena was issued for said witness, but the sheriff later reported to the court that on account of the condition of the roads it was not possible to get the witness on that day. The case was concluded on that day, and before the charge was read to the jury appellant again asked that the case be postponed until this witness could be secured. This request the trial judge declined to grant, being of opinion, as appears from his qualification to said bill of exceptions, that diligence was not shown. There is no question as to the materiality of the testimony of the absent witness. He appeared before the court on the hearing of the motion for new trial and orally stated what he would have testified had he been present as a witness. He was an eye-witness to the difficulty and, in effect, said that at the time deceased was cut, he was engaged in a fight with one Bruno Hernandez, in whose hand witness had just seen a knife, and the witness stated that appellant at the time of said fight was standing near by doing nothing. The state claimed that appellant wielded the knife which inflicted the fatal wound upon the deceased. The testimony of the absent witness went to the most vital point in the case. He testified on the hearing of the motion for new trial that he was in the county but lived on a farm some miles out from Rosebud, and that he had never been summoned. We are not inclined to believe that a man who has had process served on his witness prior to the opening day of the trial term, and who makes a first application for a postponement or continuance for a witness shown to be in the county at that time, should go to the penitentiary because of the condition of the roads or the inability of the sheriff to procure the presence of such material witness, who was in the county when process descriptive of the witness was asked for, and who was in the county at the time

of the trial. It has been well said that in some instances haste in law consists in going slow, and in our opinion a postponement of this case for another day, and a proper effort on the part of the officers, would have been productive of the presence of the witness at court. Had he been there it is quite likely his testimony would have produced a different result. The appellant was a Mexican, and the witness was an American, and presumably of good standing.

The motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment is now reversed and the cause remanded.

*Reversed and remanded.*

Morrow', P. J., absent.